**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| SCOTT PRATT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:19-CV-01873-NCC |
| | ) | |
| MICHELE BUCKNER,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 1). Respondent has filed a response (Doc. 13) and Petitioner has filed a reply (Doc. 16). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) (Doc. 7). After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the Court will **DENY** the Petition and **DISMISS** the case.

## I. PROCEDURAL HISTORY

On May 29, 2014, Petitioner was found guilty by a jury in the Circuit Court of Lincoln County, Missouri of two counts of assault of a law enforcement officer in the second degree (Counts I and II), one count of armed criminal action (Count III), and one count of unlawful use of a weapon (Count IV) (Doc. 13-9 at 71-74, 91-93). On July 7, 2014, the Circuit Court sentenced Petitioner to a total of 26 years of incarceration in the Missouri Department of Corrections (*id.* at 91-93). Petitioner appealed the judgment, raising three claims:

---

[1] Petitioner is currently incarcerated at South Central Correctional Center in Licking, Missouri. *See Missouri Dept' Corr. Offender Search*, https://web.mo.gov/doc/offSearchWeb/ offenderInfoAction.do (last visited Sept. 14, 2022). Michele Buckner is the Warden and the proper party respondent. *See* 28 U.S.C. § 2254, Rule 2(a).

(1) The trial court plainly erred in denying Scott's motion for new trial because witnesses for the State violated the Court's witness exclusion order as the Prosecutor allowed Officer Holton & Officer Brown who witnessed the entire trial to meet in her office conference room with Raymond Floyd, a State witness who had not yet testified, during breaks in the trial.

(2) The trial court abused its discretion in overruling defense counsel's objection to the State's speculation on the location of the shotgun shell casings and Scott Pratt's fabrication of evidence in its closing because the statements were not reasonably drawn from the evidence.

(3) The evidence adduced at trial was insufficient as a matter of law to uphold Scott Pratt's convictions as the State failed to prove beyond a reasonable doubt that he had fired the shotgun at Officers Holton and Brown as there was no physical evidence.

(Doc. 13-1).  On October 20, 2015, the Missouri Court of Appeals for the Eastern District affirmed Petitioner's conviction and sentence on direct appeal (Doc. 13-4; *State v. Pratt*, 484 S.W.3d 332 (Mo. Ct. App. 2015)).  On February 11, 2016, Petitioner's Motion for Rehearing and/or Application for Transfer to the Missouri Supreme Court was denied (Doc. 13-6).  On April 5, 2016, Petitioner's application for transfer was denied (Doc. 13-8).  The Missouri Court of Appeals' Mandate issued on April 8, 2016.

Petitioner filed a *pro se* motion for post-conviction relief on June 20, 2016, raising nine grounds for relief (Doc. 13-14 at 11-25).  On February 2, 2017, counsel filed an amended motion for post-conviction relief on Petitioner's behalf raising the same nine claims:

(1) Trial counsel failed to investigate Officer Jim Reeds and call him to testify at trial in order to prove that Movant never fired any shots at officers.

(2) Trial counsel failed to have ballistics tests performed on the window blinds in order to prove that the black sooty material deposited on the blinds did not come from Movant's shotgun.

(3) Trial counsel failed to move to withdraw from representation in Movant's case due to conflicts of interest.

(4) Trial counsel failed to make an objection and request exclusion of testimony at trial when it was discovered that Officer Tyler Holton, Officer Ryan Brown, and

2

Officer Raymond Floyd were meeting together in the prosecutor's office in violation of the Court's witness exclusion order.

(5) Trial counsel failed to notify Movant of amendments made before trial to his charged offenses.

(6) The State committed prosecutorial misconduct when it withheld evidence favorable to the defense, specifically dash cam videos from the Highway Patrol vehicles present at the scene, contrary to the requirements of Rule 25.03 and the *Brady* decision.

(7) The State committed prosecutorial misconduct when the prosecutor continually argued facts that were outside the evidence during closing arguments.

(8) The State committed prosecutorial misconduct when the prosecutor violated the Court's witness exclusion order and allowed Officers Holton, Brown and Floyd to meet together in her office during trial.

(9) The State committed prosecutorial misconduct when the prosecutor improperly gave her own testimony during her cross-examination of Dan Jackson, and trial counsel was ineffective for failing to object to the same.

(*id.* at 30-47).  After an evidentiary hearing, the motion court denied Petitioner's amended

motion (*id.* at 53-65).  On November 13, 2018, the Missouri Court of Appeals for the Eastern

District affirmed the motion court's denial of the motion (Doc. 13-12; *Pratt v. State*, 560 S.W.3d

919 (Mo. Ct. App. 2018)).  The Missouri Court of Appeals' Mandate issued on December 7,

2018 (Doc. 13-13).

On July 1, 2019, Petitioner filed his Petition under 28 U.S.C. § 2254 for Writ of Habeas

Corpus by a Person in State Custody raising eight grounds (Doc. 1).  The first three grounds are

the three claims raised in his direct appeal (Doc. 1-1; Doc. 1-2 at 1-8).  The remaining grounds

are claims 1-4 and 9 raised in his post-conviction case (Doc. 1-2 at 8-16; Doc. 1-3).

## II.  DISCUSSION

In the habeas setting, a federal court is bound by the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254, to exercise only "limited and deferential

review" of underlying state court decisions.  *Lomholt v. Iowa*, 327 F.3d 748, 751 (8th Cir. 2003).

Under this standard, a federal court may not grant relief to a state prisoner unless the state court's

adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable

application of, clearly established Federal law, as determined by the Supreme Court of the

United States," or "was based on an unreasonable determination of the facts in light of the

evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).  A state court decision

is contrary to clearly established Supreme Court precedent if "the state court arrives at a

conclusion opposite to that reached by [the] Court on a question of law or . . . decides a case

differently than [the] Court has on a set of materially indistinguishable facts."  *Williams v.

Taylor*, 529 U.S. 362, 413 (2000).  A state court decision is an unreasonable application of

clearly established federal law if it "correctly identifies the governing legal rule but applies it

unreasonably to the facts of a particular prisoner's case."  *Id.* at 407-08.  Finally, a state court

decision involves an unreasonable determination of the facts in light of the evidence presented in

the state court proceedings only if it is shown that the state court's presumptively correct factual

findings do not enjoy support in the record.  28 U.S.C. § 2254(e)(1); *Ryan v. Clarke*, 387 F.3d

785, 790 (8th Cir. 2004).

### A.  Direct Appeal Claims

#### i.  Trial Court Error in Denying Motion for New Trial Based on Violation of Witness Exclusion Order (Ground One)

In Ground One, Petitioner argues, as in his direct appeal, that the trial court plainly erred

in denying his motion for new trial because witnesses for the state violated the trial court's

witness exclusion order as the prosecutor allowed Officers Holton and Brown, who witnessed the

entire trial, to meet in her office conference room with Raymond Floyd, a state witness who had

not yet testified, during breaks in the trial (Doc. 1-1 at 3; Doc. 13-1 at 25).  Respondent argues

4

that the claim is procedurally defaulted because trial counsel failed to object during trial and the appellate court reviewed the claim for plain error (Doc. 13 at 10).  The Court agrees.

As Petitioner acknowledged in his direct appeal, the claim was not properly preserved for appellate review (Doc. 13-1 at 25).  As a result, the Missouri Court of Appeals reviewed the claim for plain error (Doc. 13-4 at 2-6).  "[A] federal habeas court cannot reach an otherwise unpreserved and procedurally defaulted claim merely because a reviewing state court analyzed that claim for plain error." *Clark v. Bertsch*, 780 F.3d 873, 874 (8th Cir. 2015) (resolving intra-circuit split in favor of the holding in *Hayes v. Lockhart*, 766 F.2d 1247 (8th Cir. 1985)); *see also Cooper v. Steele*, No. 4:13CV01610 PLC, 2017 WL 2132370, at *13–14 (E.D. Mo. May 17, 2017) (applying *Clark* to plain-error review by the Missouri Court of Appeals).  Therefore, Ground One is procedurally defaulted.  Petitioner does not allege cause and prejudice to excuse the default (Doc. 1-2 at 12).  Ground One is denied.

### ii.  Trial Court Error in Overruling Objection to State's Speculation on the Location of the Shotgun Shell Casings (Ground Two)

In Ground Two, Petitioner argues, as in his direct appeal, that the trial court abused its discretion in overruling defense counsel's objection to the state's speculation on the location of the shotgun shell casings and Petitioner's fabrication of evidence in its closing because the statements were not reasonably drawn from the evidence (Doc. 1-1 at 9; Doc. 13-1 at 32).  Respondent argues that the Missouri Court of Appeals' decision was reasonable (Doc. 13 at 14).  The Court agrees that Ground Two should be denied.

At trial, the state argued as the basis of Counts I-III that Petitioner had fired at Officers Holton and Brown prior to Officer Holton returning fire, which the defense denied pointing to the lack of shell casings to support the state's theory.  During rebuttal closing argument, the prosecutor argued:

> Now let me tell you what I think.  I think the defense attorney doesn't think that we have any evidence and, quite frankly, I think we have all of the evidence except for those casings, those shell casings.
>
> Where do you think those went?  How big are they?  Not very.  They could be many places.  They could be in the pocket of a pair of pants in a dresser drawer. They could be down the vent.  They could be in the toilet.  They could have been flushed.  I would ask you to pay particular attention.

(Doc. 13-16 at 864).  Defense counsel objected that the prosecutor was arguing facts not in evidence (*id.*).  The trial court overruled the objection (*id.*).  The Missouri Court of Appeals concluded, "Given that the prosecutor's argument directly responded to defendant's closing argument, and given the substantial latitude afforded the prosecutor on rebuttal argument, we cannot say that the trial court abused its discretion in overruling defendant's objection to this portion of the prosecutor's argument" (Doc. 13-4 at 8).

Later in rebuttal closing argument, the prosecutor argued that Petitioner was lying about attempting to kill himself with a later shot he fired into the bathroom ceiling:

> He's a liar, folks.  He panicked.  He had to figure out a way to get residue on his hands.  He had shot out the window.  The Officer saw it.  Everyone heard it.

(*id.* at 868).  Defense counsel objected that there was no evidence of residue on Petitioner's hands (*id.*).  The prosecutor responded that she didn't say he had it on his hands, that she said he fired shots and he wanted to be able to explain it (*id.* at 868-69).  The trial court overruled the objection (*id.* at 869).  The Missouri Court of Appeals again found no abuse of discretion, reasoning that: "[p]ut in context, the complained-of statement came directly after the prosecutor argued that the evidence did not support defendant's rendition of his alleged suicide attempt and the shot fired in the bathroom"; "[a] prosecutor may comment on the evidence and the credibility of the defendant's case, as well as the improbability of specific evidence"; and the "defendant

6

does not explain how admission of the statement had a decisive effect on the jury's determination [and] we discern no such impact" (Doc. 13-4 at 8-9).

Petitioner argues that the Missouri Court of Appeals' decision unreasonably applied due process requirements to Petitioner's trial (Doc. 1-1 at 12).  Petitioner further argues that the decision was contrary to and involved an unreasonable application of clearly established federal law on prosecutorial misconduct as determined by the Supreme Court decisions in *Berger v. United States*, 295 U.S. 78 (1935), and *Darden v. Wainwright*, 477 U.S. 168 (1986) (*id.* at 18).

The Court notes that Petitioner did not argue prosecutorial misconduct under *Berger* and *Darden* in his direct appeal (Doc. 13-1 at 32-37).[2]  In addition, Petitioner's direct appeal claim makes no reference to federal law beyond the general statement in his point relied on that the trial court's error violated his "right to confrontation, a fair trial, and due process as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution …" (*id.*).

In any event, the prosecutor's comments in this case do not warrant habeas relief.  "In determining whether [a] prosecutor's closing argument violated [a] defendant's due process rights, the pertinent inquiry is 'whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"  *Sublett v. Dormire*, 217 F.3d 598, 600 (8th Cir. 2000) (quoting *Darden*, 477 U.S. at 181).  Even improper closing argument does not necessarily render a trial fundamentally unfair, "especially … in light of the jury's 'common sense ability to put aside a particular type of overzealous advocacy with the help of the court's standard instruction that arguments of counsel are not evidence.'"  *Id.* (quoting *James v. Bowersox*, 187 F.3d 866, 870 (8th Cir. 1999)).  Where the prosecutor does not mischaracterize the evidence or implicate any other of the defendant's specific constitutional

---

[2] Petitioner did argue such a claim in his post-conviction case (Doc. 13-14 at 30-47).  However, the only state court decision Petitioner cites as to Ground Two is the Missouri Court of Appeals' decision in Petitioner's direct appeal (Doc. 1-1 at 9-18).

rights, there is no due process violation.  *Sublett*, 217 F.3d at 601; *Darden*, 477 U.S. at 181-82.

"[T]he combination of 'the strict due process standard of constitutional review, the deferential

review mandated by the AEDPA, and [the habeas court's] less reliable vantage point for gauging

the impact of closing argument on the overall fairness of a trial' result[s] in an exceptionally

limited review of … whether the prosecutor's closing argument violated the petitioner's due

process [rights]." *Sublett*, 217 F.3d at 601 (quoting *James*, 187 F.3d at 869)).

    Here, the Missouri Court of Appeals' decision was not contrary to, or an unreasonable

application of, clearly established federal law, as determined by the Supreme Court of the United

States.  The prosecutor did not mischaracterize the evidence to the point of denying Petitioner a

fair trial.  She acknowledged that the state did not have shell casings from the shots Petitioner

allegedly fired, stating "I think we have all of the evidence except for those casings, those shell

casings" (Doc. 13-16 at 864).  In using the word "could" repeatedly—the shell casings "could"

be many places (*id.*)—it was clear she was arguing, in response to defense counsel's closing,

where the alleged casings could be, not what was in evidence.

    In addition, the prosecutor did not state that Petitioner had gun residue on his hands but

argued that he *wanted* to get gun residue on his hands by firing the later shot in the bathroom.  Of

note, the trial court previously sustained an objection after the prosecutor did in fact argue that

Petitioner had gun residue on his hands and that Petitioner had smoked a cigarette in the

bathroom prior to firing the later shot (the only evidence of that was a cigarette butt in the toilet)

(Doc. 13-16 at 866).  The prosecutor's comments attacking Petitioner's credibility do not

establish a due process violation.  *See, e.g., James*, 187 F.3d at 870 (finding no due process

violation where prosecutor called defendant "a big time, drug dealing, murdering, robbing

slime").  Finally, this Court finds no error in the Missouri Court of Appeals' determination that

the prosecutor's later comments did not have a decisive impact on the verdict.  Ground Two is denied.

### iii.  Insufficiency of the Evidence (Ground Three)

In Ground Three, Petitioner argues, as in his direct appeal, that the evidence adduced at trial was insufficient as a matter of law to uphold his convictions as the state failed to prove beyond a reasonable doubt that he had fired the shotgun at Officers Holton and Brown as there was no physical evidence (Doc. 1-1 at 18; Doc. 13-1 at 37).  The Court notes that Petitioner has only preserved his claim that the evidence was insufficient to find he fired the shotgun at the officers.  *See* Doc. 13-4 (noting Petitioner did not challenge the sufficiency of the evidence as to other elements of the assault counts in his direct appeal).  Respondent argues that the Missouri Court of Appeals' decision was reasonable (Doc. 13 at 17).  The Court agrees that Ground Three should be denied.

While there was no physical evidence in the form of shell casings from the shots Petitioner allegedly fired prior to Officer Holton returning fire, there was nevertheless sufficient evidence from which a reasonable juror could conclude that Petitioner had fired at least one shot at Officers Holton and Brown.  Multiple witnesses testified that they thought they heard at least one shotgun shot prior to the police returning fire (Doc. 13-16 at 261, 287-88, 332-33, 351, 496, 522-23).  Officers Holton and Brown, who were in closest proximity, testified they heard three shots prior to returning fire (*id.* at 445, 472, 490); Officer Holton testified he saw three muzzle flashes (*id.* at 424, 445); and Officer Holton can be heard on a recording saying "Three shots fired.  Three shots returned." and "Quit shooting at us" (*id.* at 693).  According to Officer Holton, Petitioner responded, "You stop shooting, too" (*id.* at 426).  Officers Holton and Brown

testified that Petitioner later said he was going to shoot any shadows or anything he saw moving (*id.* at 428, 475).

In addition, Missouri State Highway Patrol Crime Lab Criminal Supervisor Evan Todd Garrison opined that the blinds in the room Petitioner allegedly shot from had been damaged by a gunshot blast in close proximity (*id.* at 639-41). Missouri State Highway Patrol Crime Lab Trace Evidence Section analyst Amanda Neely found one particle that contained barium, antimony and lead, other particles that contained lead and antimony, and thousands of particles of lead, indicating that the blinds were in the environment of a discharged weapon or came in contact with something that had gun residue on it (*id.* at 665-68). The defense's ballistics expert Daniel Jackson testified that he initially shared Garrison's opinion and that both Garrison and Neely were good, competent analysts whom he trusted (*id.* at 791-95).

The Missouri Court of Appeals found that Petitioner was asking the court to reweigh the evidence and that there was sufficient evidence, including testimony from the officers, crime-lab personnel, and the statement of Petitioner himself, from which a reasonable juror could have found Petitioner fired at the officers (Doc. 13-4 at 9-10). The court highlighted the testimony of Officers Brown and Holton, noted Lieutenant Tienter's testimony that you do not always find the wadding and shell after a shotgun has been fired, and noted that Petitioner had acknowledged a lack of physical evidence is not per se insufficient (*id.* at 10-11). The court further noted evidence of holes in the bedroom curtains, damage to the window blinds, and a black sooty substance on the blinds and windowsill (*id.* at 11). The court highlighted the testimony of Garrison and Neely (*id.* at 12).

Petitioner argues that the Missouri Court of Appeals' decision was contrary to and involved an unreasonable application of *In re Winship*, 397 U.S. 358 (1970), and *Jackson v.*

10

*Virginia*, 443 U.S. 307 (1979), and an unreasonable determination of the facts (Doc. 1-2 at 7). "[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction is … whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. This standard "gives full play to the responsibility of the trier of fact ... to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Id*. In a habeas proceeding, AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted). A habeas court "may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court." *Cavazos v. Smith*, 565 U.S. 1, 2 (2011) (per curiam). Rather, a habeas court may only overturn a state court decision on the sufficiency of the evidence "if the state court decision was 'objectively unreasonable.'" *Id*. (quoting *Renico*, 559 U.S. at 773); *accord Coleman v. Johnson*, 566 U.S. 650, 656 (2012) (per curiam) (a habeas court may grant relief only if the jury's finding of guilt, based on the evidence considered in the light most favorable to the prosecution, "was so insupportable as to fall below the threshold of bare rationality").

A habeas court is not permitted to make its own determination of witness credibility, for that determination is for the state court trier of fact. *Robinson v. LaFleur*, 225 F.3d 950, 954 (8th Cir. 2000). Additionally, the testimony of a victim or an eyewitness is sufficient to sustain a conviction. *See Tibbs v. Florida*, 457 U.S. 31, 45 n. 21 (1982) (noting that, "[i]f the jury believed [the eyewitness' testimony], the State's presentation was more than sufficient to satisfy

11

due process"); *Loeblein v. Dormire*, 229 F.3d 724, 726 (8th Cir. 2000) ("A victim's testimony is, by itself, normally sufficient to sustain a conviction.").

Here, while there was certainly conflicting evidence, the Court must assume that the jury credited the eyewitness victim testimony of Officers Holton and Brown, as well as the opinion testimony of analysts Garrison and Neely, and defer to the Missouri Court of Appeals' decision that the evidence was sufficient.  The Missouri Court of Appeals' decision was not contrary to, or an unreasonable application of, clearly established federal law, as determined in *In re Winship* and *Jackson*, nor was it an unreasonable determination of the facts.  Ground Three is denied.

### B.  Post-Conviction Claims

#### i.  Trial Counsel's Failure to Investigate and Call Officer Jim Reeds (Ground Four)

In Ground Four, Petitioner argues, as in his amended motion for post-conviction relief, that trial counsel was ineffective in failing to investigate Officer Jim Reeds and call him to testify at trial in order to prove that Petitioner never fired any shots at officers (Doc. 1-2 at 8; Doc. 13-14 at 32).  Respondent argues that the Missouri Court of Appeals' decision affirming the motion court's denial of the claim was reasonable and supported by the state court record (Doc. 13 at 20-21).  The Court agrees.

At the post-conviction evidentiary hearing, Officer Reeds testified that he heard a muffled shot from inside the house before he heard Officer Holton fire three shots (Doc. 13-15 at 76).  The motion court found that Officer Reeds' testimony "would have been detrimental or, at least, not helpful" to Petitioner (Doc. 13-14 at 56).  Citing the testimony of Officers Holton and Brown, the motion court further found that Petitioner had not "shown any prejudice that arose from trial counsel's failure to depose or call Reeds as a witness" (Doc. 13-14 at 56).  Petitioner appealed the motion's court's denial of his claim (Doc. 13-10 at 16).  The Missouri Court of

12

Appeals affirmed (Doc. 13-12).  The court found that Officer Reeds' testimony would not have

provided a viable defense because it did not establish that Petitioner did not fire a gun at the

officers and "in fact, corroborates testimony from other witnesses who said they heard a single

gunshot from the house before the return fire from the officers" (*id.* at 6).  The court further

found that Petitioner had failed to establish prejudice (*id.*).

Petitioner argues that the Missouri Court of Appeals' decision was contrary to and

involved an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984) (Doc. 1-

2 at 10-12).  To succeed on an ineffective assistance of counsel claim, Petitioner must show 1)

that counsel failed to exercise the level of skill and diligence that a reasonably competent

attorney would exercise in a similar situation, and 2) that Petitioner was prejudiced by counsel's

failure.  *Strickland*, 466 U.S. at 687.  "Counsel is strongly presumed to have rendered adequate

assistance and made all significant decisions in the exercise of reasonable professional

judgment."  *Id.* at 690.  To prove prejudice, Petitioner must show there was a reasonable

probability that, but for trial counsel's errors, the result of the proceeding would have been

different.  *Id.* at 694.  Federal habeas under AEDPA provides "doubly" deferential review of

ineffective assistance claims which were decided in state court.  "The standards created by

*Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review

is 'doubly' so."  *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (internal citations omitted).

The Court agrees that Officer Reeds' testimony would have corroborated the testimony of

other witnesses that at least one shot was fired prior to the police returning fire, supporting the

inference that Petitioner had in fact fired first.  Therefore, Petitioner cannot show a reasonable

probability that Officer Reeds' testimony would have changed the verdict.  The Missouri Court

13

of Appeals' decision was not contrary to, or an unreasonable application of, clearly established

federal law, as determined in *Strickland v. Washington*.  Ground Four is denied.

### ii.  Grounds Five through Eight

In Grounds Five through Eight, Petitioner argues, as in his amended motion for post-

conviction relief, that: trial counsel was ineffective in failing to have ballistics tests performed on

the window blinds in order to prove that the black sooty material deposited on the blinds did not

come from Petitioner's shotgun; trial counsel was ineffective in failing to move to withdraw

from representation in Petitioner's case due to conflicts of interest; trial counsel was ineffective

in failing to make an objection and request exclusion of testimony at trial when it was discovered

that Officers Holton, Brown, and Floyd were meeting together in the prosecutor's office in

violation of the Court's witness exclusion order; and the state committed prosecutorial

misconduct when the prosecutor improperly gave her own testimony during her cross-

examination of Dan Jackson, and trial counsel was ineffective for failing to object to the same

(Doc. 1-3; Doc. 13-14 at 30-47).  Petitioner did not appeal the motion court's denial of his claims

(Doc. 13-10).

Petitioner acknowledges that his claims are procedurally defaulted.  As cause and

prejudice, Petitioner argues that state interference creating a conflict of interest with post-

conviction appellate counsel made compliance with state procedural rules impractical (Doc. 1-2

at 12-16).  In support, Petitioner cites the inability to bring ineffective assistance of counsel

claims on direct appeal, the lack of a constitutional right to effective assistance of counsel in

post-conviction proceedings, and post-conviction appellate counsel's failure to raise all but one

of his post-conviction claims on appeal (*id.*).

14

Respondent argues that Petitioner cannot excuse the default based on the alleged

ineffectiveness of post-conviction appellate counsel (Doc. 13 at 22).  The Court agrees.  *See*

*Arnold v. Dormire*, 675 F.3d 1082 (8th Cir. 2012) (holding any error by Missouri post-conviction

appellate counsel in failing to raise claims cannot constitute cause to excuse procedural default)

(citing *Martinez v. Ryan*, 566 U.S. 1, 16 (2012) ("The holding in this case does not concern

attorney errors in other kinds of proceedings, including appeals from initial-review collateral

proceedings …")); *see also Shinn v. Ramirez*, 142 S. Ct. 1718, 1737 (2022) (discussing the

narrowness of *Martinez*).  While the Court is sympathetic to the lack of a substantial check on

the performance of post-conviction appellate counsel, Petitioner has not alleged sufficient cause

and prejudice to excuse the procedural default of Grounds Five through Eight (Doc. 1-2 at 12-

16).  Grounds Five through Eight are denied.

### III.  CONCLUSION

For the reasons stated above, the Court finds that Petitioner is not entitled to federal

habeas relief.  Furthermore, Petitioner has failed to make a substantial showing of the denial of a

constitutional right, which requires a demonstration "that jurists of reason would find it debatable

whether the petition states a valid claim of the denial of a constitutional right."  *Khaimov v. Crist*,

297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted).  Thus, the Court will not issue a

certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition for Writ of Habeas Corpus

pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DENIED** and this case is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability will not be issued.  28

U.S.C. § 2253.

A separate Judgment shall be entered in accordance with this Memorandum and Order.

Dated this 14th day of September, 2022.

___/s/ Noelle C. Collins_____

NOELLE C. COLLINS
UNITED STATES MAGISTRATE JUDGE
